UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

NIXON JEAN PIERRE,

                Plaintiff,                   **MEMORANDUM & ORDER**
                                                                           17-CV-2799 (MKB)

        v.

MELROSE CREDIT UNION,

                Defendant.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Nixon Jean Pierre, proceeding *pro se*, commenced the above-captioned action on April 25, 2017 in the Southern District of New York, against Defendant Melrose Credit Union ("MCU"), alleging a deprivation of property without "due process," as a result of his default on a loan secured on his New York City taxi medallion ("medallion"). (Compl. 3, Docket Entry No. 2.)[1] The Southern District of New York transferred Plaintiff's case to the Eastern District of New York on May 9, 2017. (*See* Transfer Order dated April 27, 2017; *see also* Clerk of Court transfer dated May 9, 2017.) Currently before the Court is Defendant's motion to dismiss the Complaint for lack of subject matter jurisdiction and failure to state a claim pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, (Def. Mot. to Dismiss ("Def. Mot."), Docket Entry No. 10; Def. Mem. in Supp. of Def. Mot. ("Def. Mem."), Docket Entry No. 12), and as barred under the doctrine of claim preclusion, (Def. Letter dated Oct. 26, 2017, Docket Entry No. 15; Def. Suppl. Mem. in Supp. of Def. Mot. ("Def. Suppl. Mem."), Docket

---

[1] Because the Complaint is not consecutively paginated, the Court refers to the page number assigned by the Electronic Case Filing ("ECF") System.

Entry No. 17).  Plaintiff has not opposed the motion.  For the reasons discussed below, the Court grants Defendant's motion and dismisses the Complaint.

**I. Background**

The Court accepts as true the factual allegations in the Complaint for the purposes of this Memorandum and Order.  Plaintiff is a taxicab-driver and has been a member of MCU, located in Queens, New York, since October 2005.  (Compl. 2–4.)  Plaintiff, and his company Loune Cab Corp., secured a loan from MCU using his medallion as collateral.  (*See generally* Compl.; Balloon Note and the Additional Covenants to Promissory Note and Security Agreement, annexed to State Ct. Compl. as Ex. A, Docket Entry No. 11-7; Security Agreement, annexed to State Ct. Compl. as Ex. B, Docket Entry No. 11-7.)[2]  Plaintiff enjoyed a "great relationship" with MCU and was "always current" with his loan payments "until the business went bad" because of competition from other car services such as Uber and Lyft.  (Compl. 4.)

In August of 2016, Plaintiff sought to modify the loan with MCU.  (*Id.* at 4, 7.)  In response, MCU asked Plaintiff to provide his home as collateral and to obtain a life insurance policy to secure the loan.  (*Id.*)  Plaintiff alleges that his medallion has lost its value.  (*Id.* at 4.)  According to Plaintiff, because the New York City Taxi and Limousine Commission allowed competitors into the market, the competitors stole his business and MCU wants medallion

---

[2] In assessing whether it has subject matter jurisdiction, the Court may rely on documents outside the Complaint.  *See M.E.S., Inc. v. Snell*, 712 F.3d 666, 671 (2d Cir. 2013).  In addition, a court may take judicial notice of state court documents in considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Rates Tech. Inc. v. Speakeasy, Inc.*, 685 F.3d 163, 167 (2d Cir. 2012) ("We may 'take judicial notice of a document filed in another court . . . to establish the fact of such litigation and related filings.'" (quoting *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006)); *Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004) (noting that, in deciding a motion to dismiss for failure to state a claim, the court "may also look to public records, including complaints filed in state court").

owners to "pay the price for what the City has done to the [taxi] industry." (*Id.*)

On April 22, 2017, while his taxicab was parked near his home in Briarwood, Queens, MCU had the medallion removed from the taxicab "without due process." (*Id.* at 3.)

On May 16, 2017, MCU initiated an action in state court against Plaintiff and his company, alleging that they defaulted on the loan ("State Court Action"). (State Ct. Compl.) MCU asserted causes of action for breach of contract, account stated, unjust enrichment, and replevin, and sought a temporary restraining order, preliminary and permanent injunction, and attorneys' fees and costs. (*Id.*) Plaintiff answered the state court complaint asserting that MCU failed to "give [him] a reasonable mortgage" and took his medallion and therefore he does not owe MCU "a dime." (State Ct. Answer 1, Docket Entry No. 11-8.) Plaintiff also asserted that MCU asked him to use his house as collateral for the loan and to obtain a life insurance policy. (*Id.* at 2.)

On September 13, 2017, MCU moved for summary judgment in the State Court Action. (State Ct. Mot. for Summary Judgment, Docket Entry No. 11-9.) By order entered October 23, 2017, Judge Timothy J. Dufficy granted summary judgment in favor of MCU against Plaintiff. (State Ct. Order, Docket Entry No. 16-1.) The state court held that MCU "may recover title and possession of New York City Taxi Medallion No. 6D15, with rate card and any attached vehicle (Collateral), wherever it may be located." (*Id.*) The state court awarded judgment on the note in the amount of "$540,297.25, plus interest at the [n]ote rate in the amount of $23,390.84 as of July 11, 2017, and interest at the rate of $59.21 per day for each day after July 11, 2017, until the date of entry of the judgment together, with costs and disbursements." (*Id.*) The state court entered an Order and Judgment on October 30, 2017. (*Id.*) Plaintiff has not appealed from the Order and Judgment.

Plaintiff requests that the Court "force [MCU] to return [his] medallion," award him $5,000,000 in compensatory and punitive damages, and "order the New York City Mayor or the Governor to impose a moratorium for these creditors to stop taking our medallions and to work with us to resolve this crisis." (Compl. 4, 6.)

## II. Discussion

### a. Standards of review

#### i. Rule 12(b)(1)

A district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it." *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)); *Shabaj v. Holder*, 718 F.3d 48, 50 (2d Cir. 2013) (quoting *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005)); *see also Chau v. S.E.C.*, 665 F. App'x 67, 70 (2d Cir. 2016). The plaintiff has the burden to prove that subject matter jurisdiction exists, and in evaluating whether the plaintiff has met that burden, "'[t]he court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff,' but 'jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citations omitted), *aff'd*, 561 U.S. 247 (2010). A court may consider matters outside of the pleadings when determining whether subject matter jurisdiction exists. *M.E.S., Inc. v. Snell*, 712 F.3d 666, 671 (2d Cir. 2013); *Romano v. Kazacos*, 609 F.3d 512, 520 (2d Cir. 2010).

#### ii. Rule 12(b)(6)

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil

Procedure, a court must construe the complaint liberally, "accepting all factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor." *Kim v. Kimm*, 884 F.3d 98, 103 (2d Cir. 2018) (quoting *Chambers v. Time Warner Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)); *see also Tsirelman v. Daines*, 794 F.3d 310, 313 (2d Cir. 2015) (quoting *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997)). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717–18 (2d Cir. 2013). Although all allegations contained in the complaint are assumed true, this principle is "inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

### iii. *Pro se* litigants

In reviewing a *pro se* litigant's complaint or other submissions, the court must be mindful to hold the pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see also Wiley v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015) (holding that courts must liberally construe papers submitted by *pro se* litigants "to make the strongest arguments they suggest"); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

### b. The Court lacks subject matter jurisdiction over Plaintiff's claims

Defendants argue that the Court lacks subject matter jurisdiction over Plaintiff's claims and the Complaint must therefore be dismissed. (Def. Mot. 4–6.)

Federal courts are courts of limited jurisdiction and may not hear cases if they lack subject matter jurisdiction over the issues presented. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000). The statutory provisions for federal subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332.

Federal question jurisdiction provides federal courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010) (quoting 28 U.S.C. § 1331). A plaintiff properly invokes section 1331 jurisdiction when he pleads a colorable claim "arising under" the Constitution or laws of the United States. *Id.*

Under the diversity jurisdiction statute, federal courts have subject matter jurisdiction over state law claims where the plaintiff and defendant are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). For a federal court to exercise subject matter jurisdiction based on diversity, there must be complete diversity of citizenship between all plaintiffs and all defendants. *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir. 2014) ("Subject matter jurisdiction is based on 28 U.S.C. § 1332, which requires 'complete diversity,' i.e. all plaintiffs must be citizens of states diverse from those of all defendants."); *Lovejoy v. Watson*, 475 F. App'x 792, 792 (2d Cir. 2012) ("The complaint alleged that [the plaintiff] and the defendant resided in New York, thereby precluding diversity jurisdiction.").

For purposes of diversity of citizenship, a corporation is a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) (holding that "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities"); *see also Bayerische Landesbank*, 692 F.3d at 48.

In addition, "a party's citizenship depends on his domicile." *Davis v. Cannick*, 691 F. App'x 673, 673 (2d Cir. 2017) (citations omitted). "Domicile is not synonymous with residence; a party can reside in one place and be domiciled in another." *New Canaan Capital Mgmt., LLC v. Ozado Partners LLC*, No. 16-CV-1395, 2017 WL 1157153, at *4 (S.D.N.Y. Mar. 25, 2017) (quoting *Kennedy v. Trs. of Testamentary Tr. of Will of Kennedy*, 633 F. Supp. 2d 77, 81 (S.D.N.Y. 2009)); *see also Caren v. Collins*, 689 F. App'x 75, 75 (2d Cir. 2017) ("Although the individual plaintiff and the individual defendants are alleged to be residents of certain States, such an allegation is insufficient to plead citizenship." (citations omitted)). Moreover, "one may have more than one residence in different parts of this country or the world, but a person may have only one domicile." *Reich v. Lopez*, 858 F.3d 55, 63 (2d Cir.) (quoting *United States v. Venturella*, 391 F.3d 120, 125 (2d Cir. 2004)), *cert. denied*, 138 S. Ct. 282 (2017).

"One acquires a 'domicile of origin' at birth, which continues until a change in domicile occurs." *Linardos*, 157 F.3d at 948 (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)). A person changes their domicile only when they take up residence in a new domicile and intend to stay. *Davis*, 691 F. App'x at 673. To determine whether an individual intends to stay in a particular state and thereby effects a change in domicile, courts must look to the "totality of the evidence," considering, among other factors:

> current residence; voting registration; driver's license and automobile registration; location of brokerage and bank accounts;

> membership in fraternal organizations, churches, and other associations; places of employment or business; payment of taxes; whether a person owns or rents his place of residence; the nature of the residence (i.e., how permanent the living arrangement appears); and the location of a person's physician, lawyer, accountant, dentist, stockbroker, etc.

*New Canaan Capital Mgmt., LLC*, 2017 WL 1157153, at *4 (quoting *Trs. of Testamentary Tr. of Will of Kennedy*, 633 F. Supp. 2d at 81).

The party seeking to invoke this court's subject matter jurisdiction under 28 U.S.C. Section 1332, has the burden of proving that complete diversity of citizenship exists between the parties. *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322–23 (2d Cir. 2001). The diversity of the parties is determined as of the date of the filing of the lawsuit. *LeBlanc v. Cleveland,* 248 F.3d 95, 100 (2d Cir. 2001).

Even construing Plaintiff's allegations to "raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007), the Court lacks subject matter jurisdiction over Plaintiff's claims.

The Court lacks federal question jurisdiction because Plaintiff has not raised a colorable claim arising under the Constitution or laws of the United States. While Plaintiff alleges that his medallion was taken without "due process," (Compl. 3), this claim is "patently without merit" because Plaintiff does not allege that MCU's conduct constituted state action. *See Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 137 (2d Cir. 2002) ("In order for [a plaintiff's due process claims] to be colorable, [the plaintiff] must show that [the defendant's] conduct constituted state action; otherwise, there is no constitutional violation."); *see Williams v. Long Beach Mortg. Co.*, No. 15-CV-5952, 2016 WL 5720810, at *8 (S.D.N.Y. Sept. 30, 2016) (finding the court lacked subject matter jurisdiction because the plaintiff's section 1983 claims were "patently meritless"),

*aff'd,* 709 F. App'x 92 (2d Cir. 2018). Plaintiff's invocation of "due process" without more does not satisfy Plaintiff's burden to demonstrate federal question jurisdiction.

In addition, there is no diversity jurisdiction because Plaintiff has not alleged facts supporting complete diversity. The Complaint reflects that Plaintiff has a New York address, (Compl. 1), and there is no other indication in the Complaint that he is domiciled elsewhere. *See Davis*, 691 F. App'x at 673. Plaintiff further alleges that Defendant is located and has its principal place of business in New York. (Compl. 2–3). The Court therefore lacks diversity jurisdiction. *See* 28 U.S.C. § 1332; *Pa. Pub. Sch. Emps.' Ret. Sys.*, 772 F.3d at 117–18 ("Subject matter jurisdiction is based on 28 U.S.C. § 1332, which requires 'complete diversity,' i.e. all plaintiffs must be citizens of states diverse from those of all defendants." (citation omitted)); *Lovejoy*, 475 F. App'x at 792 ("The complaint alleged that [the plaintiff] and the defendant resided in New York, thereby precluding diversity jurisdiction."); *see also Bayerische Landesbank*, 692 F.3d at 48 (holding that companies are residents of their states of incorporation and principal places of business).

c. **Plaintiff fails to state a claim**

However, to the degree the defects in Plaintiff's claim are more appropriately reviewed under Rule 12(b)(6), *see Williams*, 2016 WL 5720810, at *8 (finding the plaintiff's claims dismissed under Rule 12(b)(1) as well as under Rule 12(b)(6) "to the extent the deficiencies described above are 'more aptly viewed as a question of whether… [P]laintiff[] ha[s] failed to state a claim upon which relief may be granted'") (citing *Rene v. Citibank, N.A.*, 32 F. Supp. 2d 539, 543 (E.D.N.Y. 1999)), the Court finds that Plaintiff has failed to state a claim upon which relief may be granted.

Even if the Court were to construe Plaintiff's reference to "due process" as properly

invoking the Due Process Clause of the United States Constitution and further construe the action as brought pursuant to 42 U.S.C. § 1983, providing the Court with subject matter jurisdiction, the Complaint fails to state a section 1983 claim because the sole Defendant is a private party, not a state actor. *Fabrikant v. French*, 691 F.3d 193, 206 (2d Cir. 2012) ("Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that [her] constitutional rights have been violated must first establish that the challenged conduct constitutes state action."); *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (finding in order to maintain a § 1983 action, a plaintiff must allege that the conduct complained of was "committed by a person acting under color of state law").

A claim for relief pursuant to 42 U.S.C. § 1983 must allege facts showing that the challenged conduct was "committed by a person acting under color of state law." 42 U.S.C. § 1983. Section 1983 "constrains only state conduct, not the 'acts of private persons or entities.'" *Hooda v. Brookhaven Nat. Lab.*, 659 F. Supp. 2d 382, 393 (E.D.N.Y. 2009) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982)); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (internal quotation marks and citation omitted)); *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 173 (1972). "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks omitted) (quoting *United States v. Int'l. Bhd. of Teamsters*, 941 F.2d 1292, 1295 (2d Cir. 1991)).

The conduct of a nominally private entity may be attributed to the state, satisfying the

state action requirement, if:

> (1) the entity acts pursuant to the "coercive power" of the state or is "controlled" by the state ("the compulsion test"); (2) when the state provides "significant encouragement" to the entity, the entity is a "willful participant in joint activity with the [s]tate," or the entity's functions are "entwined" with state policies ("the joint action test" or "close nexus test"); or (3) when the entity "has been delegated a public function by the [s]tate," ("the public function test").

*Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) (alterations in original) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296 (2001)); *see Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) ("The question is whether the private actor's conduct has sufficiently received the imprimatur of the State so as to render it an action of the State for purposes of § 1983." (citation and internal quotation marks omitted)). Each of the three avenues requires a fact-specific inquiry into the challenged conduct, and in order to find state action, a court must determine that the specific actions of which a plaintiff complains can be fairly deemed to be that of the state. *See Grogan v. Blooming Grove Volunteer Ambulance Corps*, 768 F.3d 259, 265 (2d Cir. 2014) (citing *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 159 (1978)) (examining public function test, noting that the function performed by the private entity must have historically been "an exclusive prerogative" of the state); *Cooper v. U.S. Postal Serv.*, 577 F.3d 479, 491–92 (2d Cir. 2009) (examining joint action test, noting that state action cannot be premised solely on subjection to state regulation, funding, licensing or even state creation); *Lynch v. Southampton Animal Shelter Found. Inc.*, 971 F. Supp. 2d 340, 349–50 (E.D.N.Y. 2013) (examining compulsion test).

Plaintiff has not alleged any facts from which the Court could infer that MCU is a state actor under any of these tests. Accordingly, to the extent Plaintiff attempts to bring a section 1983 claim against Defendant, the Court dismisses the claim.

## III. Conclusion

For the reasons discussed above, the Court dismisses the Complaint without prejudice for lack of subject matter jurisdiction and for failure to state a claim pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, respectively.[3] The Court grants Plaintiff thirty (30) days from the date of this Memorandum and Order to amend the Complaint. No summons shall issue at this time, and all further proceedings shall be stayed for 30 days.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: June 19, 2018
       Brooklyn, New York

---

[3] Because the Court finds that it lacks subject matter jurisdiction over Plaintiff's claims, it need not address MCU's alternate arguments for dismissal.